IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ACENCION ADOLFO CALDERON CAMPOS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:13-CV-4088-N |
| LONE STAR WHEEL COMPONENTS INC., *et al.*, | § § § § | |
| Defendants. | § § | |

**ORDER**

This Order addresses Defendants Jerry L. Coffey and Lone Star Wheel Components, Inc.'s ("LSW") motion for summary judgment [Doc. 23]. The Court grants the motion in part.

**I. ORIGINS OF THE DISPUTE**

This dispute arises from Plaintiff Acencion Adolgo Calderon Campos's employment with LSW. LSW is in the business of purchasing, refurbishing, manufacturing, and selling tires, axles, and related parts for mobile homes. Coffey is the owner and operator of LSW.

LSW employed Campos from early 2012 until May 2013. The exact nature of his responsibilities is a subject of dispute, but he generally performed manual labor around LSW's shop. On his penultimate day of work, Campos was involved in a physical altercation with a coworker, Jose Salvador. Campos maintains that after this altercation, Defendants refused his request to be taken to a doctor and subsequently terminated his employment. In

this suit, he brings claims against Defendants for violation of the Fair Labor Standards Act, workers' compensation retaliation, and negligence. Defendants have moved for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When the movant bears the burden of proof on an issue, "he must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment either by (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25. Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return

a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Indeed, factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Hous.*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE COURT GRANTS THE MOTION IN PART AND DENIES IT IN PART

#### A. The Court Grants Summary Judgment on Campos's Retaliation Claim

In his first amended complaint, Campos asserts a claim for workers' compensation retaliation. Pl.'s First Am. Compl. ("FAC") ¶¶ 16–24 [19]. Under Texas Labor Code Section 451.001, "A person may not discharge or in any other manner discriminate against an employee because the employee has . . . filed a workers' compensation claim in good faith[.]" TEX. LAB. CODE ANN. § 451.001. Campos maintains that after he was attacked by a coworker, he requested medical treatment. He claims that LSW terminated him due to his request.

Campos cannot prevail on this claim. The Supreme Court of Texas has held that an employee of a nonsubscriber cannot bring a claim for workers' compensation retaliation against the employer. *Texas Mexican Ry. Co. v. Bouchet*, 963 S.W.2d 52, 53 (Tex. 1998). Because LSW is a nonsubscriber to workers' compensation, Campos cannot prevail on his

ORDER – PAGE 3

workers' compensation retaliation claim. Accordingly, the Court grants LRW's motion as it relates to this claim.

### B. The Court Grants Summary Judgment in Part on Campos's Negligence Claim

In his first amended complaint, Campos asserts a claim for negligence under the Texas Labor Code. Under Texas Labor Code Section 411.103:

> Each employer shall:
>
> (1) provide and maintain employment and a place of employment that is reasonably safe and healthful for employees;
>
> (2) install, maintain, and use methods, processes, devices, and safeguards, including methods of sanitation and hygiene, that are reasonably necessary to protect the life, health, and safety of the employer's employees; and
>
> (3) take all other actions reasonably necessary to make the employment and place of employment safe.

TEX. LAB. CODE ANN. § 411.103. Section 411.103 does not, however, create a separate cause of action, "but rather prescribes an employer's duty to provide a safe working environment." *Campuzano v. R.R. Hall Inc.*, 2004 WL 2479920, at *3 (N.D. Tex. 2004). Accordingly, Campos's claim is one for common law negligence. *Id.*

Campos maintains that LRW breached its Section 411.103 duty by, *inter alia*, hiring a coworker who was not competent or fit for the duties required of an employee and not investigating the coworker's background. FAC ¶¶ 23–36. The facts in the first amended complaint, even if presumed to be true, would not support a conclusion that LRW breached

the duty prescribed in the statute. "The duty to use ordinary care in providing a safe workplace . . . requires employers to furnish safe machinery and instrumentalities with which its employees are to work, provide adequate assistance under the circumstances for the performance of required work, instruct employees in the safe use and handling of equipment used in and around the employer's facilities, and adequately hire, train, and supervise employees." *Garay v. G.R. Birdwell Const., L.P.*, 2014 WL 6680347, at *10 (Tex. App. – Houston [1st Dist.] 2014, no pet.) (internal citations omitted). An employer's duty under this section is "specifically confined to the construction, physical condition, and equipment of the premises, and [does] not extended to acts of fellow employees." *Wrenn v. G.A.T.X. Logistics, Inc.*, 73 S.W.3d 489, 501 (Tex. App. – Fort Worth 2002, no pet.). Because Campos's allegations concern the conduct of a coworker, not the condition of the premises and machinery, he cannot rely on the duty set forth in Section 411.103 to establish his common law negligence claim.

The Court now turns to Campos's claims for negligent hiring and negligent retention.[1] These claims must be based on the direct negligence of the defendant and not on a theory of

---

[1]Defendants maintain that Campos did not plead common law negligence. *See* Defs.' Reply 2 [47]. The Court disagrees. As already indicated, a claim for a violation of Section 411.103 is a claim for common law negligence. *Campuzano*, 2004 WL 2479920, at *3. Moreover, Campos's First Amended Complaint contains sufficient allegations that his negligence claim also related to hiring, retention, and supervision. *See, e.g.*, FAC ¶¶ 33–34 ("Defendants breached their duty to use reasonable care to hire and retain an employee that was competent and fit for the position. . . . Defendants[ failed to] maintain a safe working environment by not investigating the background of Plaintiff's co-worker before hiring, failing to supervise Plaintiff's co-working, and retaining the services of that same co-worker[.]").

vicarious liability. *Ogg v. Dillard's, Inc.*, 239 S.W.3d 409, 420 (Tex. App. – Dallas 2007, pet. denied).

> The basis of responsibility for negligent hiring and retention is the employer's negligence in hiring or retaining an incompetent employee who the employer knew or, in the exercise of ordinary care, should have known was incompetent or unfit, and thereby creating an unreasonable risk of harm to others.

*Id.* To succeed on a negligent hiring case, a plaintiff must establish that the employer's "failure to investigate, screen, or supervise its [hirees] proximately caused" his injuries. *Fifth Club, Inc. v. Ramirez*, 196 S.W.3d 788, 796 (Tex. 2006) (internal quotation marks omitted). If there is nothing in the employee's background that would cause a reasonable employer not to hire him, the employer is not negligent. *Ogg*, 239 S.W.3d at 421.

In regards to negligent hiring, Campos has failed to identify anything in Salvadore's background that would have caused a reasonable employer not to hire him. Salvadore's involvement in the events about which Campos complains occurred *after* LSW hired Salvadore. Accordingly, Campos cannot base his claim for negligence on the hiring of Salvadore.

The Court reaches a different conclusion, however, with regard to the allegations regarding negligent retention and supervision. In support of these allegations, Campos has provided evidence that (1) Salvadore was involved in a prior fight; and (2) Salvadore had on a prior occasion thrown pieces of metal at Campos. While it is true that Defendants have offered evidence that might lessen the significance of these incidents, ultimately that is for

the jury to decide. Taking the evidence in the light most favorable to Campos, which the Court must at this stage, there remains a genuine issue of material fact. Accordingly, the Court denies summary judgment on Campos's claim for negligence relating to employee retention and supervision.

Finally, the Court turns to Coffey's individual liability for negligence. The Supreme Court of Texas has determined that "unless alter ego is established, corporate officers and agents are subject to personal liability for their actions within the employment context only when they breach an independent duty of care." *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). Campos is not claiming that Coffey breached an independent duty, but rather maintains that Coffey is liable under the alter ego theory. *See* Pl.'s Resp. 11. This theory of liability, however, is completely absent from Campos's pleadings. Accordingly, the Court dismisses the alter ego claim against Coffey. *See Rolls Royce Corp. v. Heros, Inc.*, 576 F. Supp. 2d 765, 789 (N.D. Tex. 2008) (dismissing alter ego claim where "complaint [was] devoid of any factual assertions to support [it]").

### C. The Court Denies Summary Judgment on Campos's FLSA Claim

In his first amended complaint, Campos asserts a claim for failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Defendants seek summary judgment on this claim on the basis that they are exempt from the FLSA overtime requirement under the Motor Carrier Act Exemption. Campos maintains that Defendants cannot rely on the MCA Exemption because the Defendants failed to assert it as

an affirmative defense. Alternatively, Campos argues that there remains a genuine issue of material fact as to whether the exemption applies.

***1. Defendants Have Not Waived Their Affirmative Defense.*** – A defendant "must plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).[2] Failure to plead an affirmative defense constitutes waiver of that defense. *Id.* However, "[a] defendant does not waive a defense if it was raised at a 'pragmatically sufficient time' and did not prejudice the plaintiff in its ability to respond." *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014) (quoting Rogers v. McDorman, 521 F.3d 381, 386 (5th Cir. 2008)). "Unfair surprise and prejudice are central concerns underlying the requirement that a defendant timely plead affirmative defenses." *Id.* at 402.

In its relevant part, Defendants' second amended answer provides:

> 40. Defendants plead the affirmative defense that Plaintiffs claims are barred because, at all relevant times, Plaintiff was exempt from the overtime requirements of the FLSA[.]
>
> 41. Defendants plead the affirmative defense that Plaintiffs FLSA claims are barred because the position he held and the duties he

---

[2]The Fifth Circuit decision in *Woodfield* preceded *Twombly* and *Iqbal*, and accordingly applied the fair notice pleading standard for complaints that was in effect at that time under *Conley v. Gibson*, 355 U.S. 41 (1957). The Court notes, however, that the Fifth Circuit has cited *Woodfield* for its affirmative defense pleading standard following *Twombly* and *Iqbal*. *E.g., LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014). Because the Court concludes that Campos suffered no prejudice or surprise, it need not address the issue of what pleading standard is required and whether it was satisfied.

> performed were specifically identified by the Department of Labor to be exempt from the overtime requirements of the FLSA.

Defs.' Second Am. Answer ("SAA") ¶¶ 40–41 [21]. Moreover, in his interrogatories, Campos requested that Defendants "identify each Exemption (in relation to the overtime wage laws pursuant to the FLSA) you are claiming as alleged in your Affirmative Defenses, and the factual basis for each alleged Exemption." *See* Supp. App. 4 [49]. On February 7, 2014, Defendants responded to the interrogatory:

> Without limiting the applicability of other exemptions or Defendants' right to assert the applicability of other exemptions, Defendants refer Plaintiff to Section 13(b)(l) as well as CFR 782.5. Defendants would note additionally that Plaintiff fell within the referenced exemption because Plaintiff was a loader/stacker whose responsibilities and duties included the exercise of judgment and discretion in planning and building a balanced load or in placing, distributing, or securing the pieces of freight in such a manner that the safe operation of the vehicles on the highways and interstate or foreign commerce would not be jeopardized.

*Id.*

Even assuming that Defendants failed to adequately plead the MCA as an affirmative defense, the Court determines they have not waived the defense. Defendants timely identified the affirmative defense in their response to the interrogatory, and Campos was not neither prejudiced nor surprised.[3] The response specifies the precise statutory exemption and corresponding federal regulation for the MCA Exemption. Defendants disclosed this information prior to filing their second amended answer and over a year before the end of

---

[3]Campos has provided no explanation of how, assuming Defendants failed to plead the defense, he has been either prejudiced or surprised.

discovery in this case.  This gave Campos more than sufficient time to prepare to rebut the defense.  *See Rogers*, 521 F.3d at 387 ("[T]he prejudice inquiry considers whether the plaintiff had sufficient notice to prepare for and contest the defense, and not simply whether the defense, and evidence in support of it, were detrimental to the plaintiff (as every affirmative defense is).").  Having determined that Defendants may invoke the MCA Exemption, the Court must now determine if it entitles Defendants to summary judgment.

*2. There Remains a Fact Issue As to Whether the MCA Exemption Applies.* – The FLSA specifies that its maximum hour requirement does not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." 29 U.S.C. § 213.  This exemption applies to employees who

> (1) [a]re employed by carriers whose transportation of passengers or property by motor vehicle is subject to his jurisdiction under section 204 of the Motor Carrier Act ["MCA"], and
>
> (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the [MCA].

29 C.F.R. § 782.2.  The employees must meet both of these requirements for the employer to invoke the exemption.  *Allen v. Coil Tubing Servs., L.L.C.*, 755 F.3d 279, 283 (5th Cir. 2014).  Moreover, FLSA exemptions "are construed narrowly against the employer, and the employer bears the burden to establish a claimed exemption." *Songer v. Dillon Res., Inc.*, 618 F.3d 467, 471 (5th Cir. 2010).

To satisfy the first requirement of the MCA Exemption – that the employer is a motor carrier subject to the jurisdiction of the MCA – the employer "must be engaged in interstate commerce." *Allen*, 755 F.3d at 283. According to the Fifth Circuit, "[a]lthough the MCA defines interstate commerce as commerce 'between a place in a state and a place in another state,' it has not been applied literally by the courts. In fact, we have defined it as the actual transport of goods across state lines or the intrastate transport of goods in the flow of interstate commerce." *Songer*, 618 F.3d at 472. Defendants have provided undisputed evidence that they are a motor carrier engaged in interstate commerce, and it does not appear that Campos disputes that Defendants have satisfied this requirement. Accordingly, the Court turns to the second requirement.

To satisfy the second requirement, the employee must be engaged in activities of a character that directly affects the safety of motor vehicles. 29 C.F.R. § 782.2. The code of federal regulations provides the following "general rule":

> [I]f the bona fide duties of the job performed by the employee are in fact such that he is (or, in the case of a member of a group of drivers, driver's helpers, loaders, or mechanics employed by a common carrier and engaged in safety-affecting occupations, that he is likely to be) called upon in the ordinary course of his work to perform, either regularly or from time to time, safety-affecting activities . . . , he comes within the exemption in all workweeks when he is employed at such job. . . . Where this is the case, the rule applies regardless of the proportion of the employee's time or of his activities which is actually devoted to such safety-affecting work in the particular workweek, and the exemption will be applicable even in a workweek when the employee happens to perform no work directly affecting "safety of operation."

29 C.F.R. § 782.2(b)(3). However, "where the continuing duties of the employee's job have no substantial direct effect on such safety of operation or where such safety-affecting activities are so trivial, casual, and insignificant as to be de minimis, the exemption will not apply to him in any workweek so long as there is no change in his duties." *Id.*

Defendants maintain that Campos's responsibilities as a loader/stacker affected the safe operation of commercial motor vehicles. To qualify for the exemption, however, a loader must " 'exercis[e] judgment and discretion in planning and building a balanced load or in placing, distributing, or securing the pieces of freight in such a manner that the safe operation of the vehicles on the highways in interstate or foreign commerce will not be jeopardized.' " *Yaklin v. W H Energy Servs., Inc.*, 2008 WL 4692419, at *7 (S.D. Tex. 2008) (quoting 27 C.F.R. § 782.5(a)). In his response, Campos challenges (1) the extent to which he performed safety affecting duties and (2) whether he exercised judgment and discretion. Upon review of the summary judgment evidence as it relates to these two issues, the Court concludes that Campos has submitted evidence that calls into question the applicability of the MCA Exemption. Because there remains a genuine issue of material fact as to whether Campos is exempt from the FLSA, summary judgment on the FLSA is improper, and the Court denies the motion as to this count.

## CONCLUSION

The Court denies Defendants' motion for summary judgment as it relates to Campos's FLSA claim and his negligent retention and supervision claim. The Court grants it in all other regards.

Signed May 29, 2015.

_____
David C. Godbey
United States District Judge