UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ACENCION ADOLFO CALDERON CAMPOS** a/k/a **ADOLFO CALDERON** a/k/a **CAMPOS ACENCION**, and all others similarly situated under 29 U.S.C. 216 (b),<br>*Plaintiff,*<br><br>v.<br><br>**LONE STAR WHEEL COMPONENTS, INC.** and **JERRY L. COFFEY**,<br>*Defendants.* | Case No. 3:13-cv-04088-N |

## PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO 29 U.S.C. § 216(b)

COMES NOW Plaintiff, Acencion Adolfo Calderon Campos a/k/a Adolfo Calderon a/k/a Campos Acencion ("Plaintiff"), by and through the undersigned counsel, and hereby files Plaintiff's Motion for Attorneys' Fees and Costs pursuant to 29 U.S.C. § 216(b), and in support thereof states as follows:

### BACKGROUND

1. This is an action for overtime wages brought under the Fair Labor Standards Act 29 U.S.C. §§ 201-216 ("FLSA") as well as negligence and gross negligence. (**DE 19**).

2. On June 18, 2015, after the conclusion of trial, the Jury entered a verdict in favor of Plaintiff on his FLSA overtime claims, his negligence claim, and his gross negligence claim. (**DE 91** and **DE 92**). The Parties[1] attempted to reach an agreement with respect to attorneys' fees after trial, but agreement could not be reached. (**DE 93**). The Court entered an Order deciding

---

[1] The term "Parties" as used herein refers collectively to Plaintiff and Defendants Lone Star Wheel Components, Inc. and Jerry L. Coffey. Defendant Lone Star Wheel Components, Inc. will be referred to as "LSW" and Defendant Jerry L. Coffey will be referred to as "Coffey." LSW and Coffey will be referred to together as "Defendants."

the post-trial motion practice in this case on March 14, 2016 and entered a judgment that same day. *See* (**DE 101** and **DE 102**). Due to being called to trial in another matter, Plaintiff filed an Unopposed Motion to Extend Time to File Motion for Attorneys' Fees and Costs on March 28, 2016. (**DE 103**). Plaintiff files this Motion pursuant to the Judgment (**DE 102**) for recovery of his attorneys' fees, costs and expenses incurred in this cause.

## BASIS OF THE AWARD

3.  A prevailing plaintiff is a "party in whose favor a judgment is rendered, *regardless of the amount of damages awarded*." Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598, 603 (2001) (emphasis added). In other words, to be a prevailing plaintiff, a plaintiff must establish that he or she is in a better legal position vis-à-vis the defendant than he/she was prior to the proceedings at issue. Goss v. Killian Oaks House of Learning, 248 F. Supp. 2d. 1162 (S.D. Fla. 2003); *see also*, Lucio-Cantu v. Vela, 239 F. App'x. 866, 868 (5th Cir. 2007) (finding that plaintiffs' recovery of $52.50 in unpaid overtime were prevailing parties because they "prevailed on their most significant issue in the case"). Pursuant to 29 U.S.C. § 216(b), having prevailed on his overtime wage claims and retaliation claims, Plaintiff Pineda is entitled to recover reasonable attorney fees and costs from the Defendants, as 29 U.S.C. § 216(b) makes the award of fees and costs to prevailing plaintiffs mandatory.[2]

4.  The attorneys' fees claimed by Plaintiff are detailed in the Ledger attached hereto as **Exhibits A** and **B**.[3] Plaintiff's costs incurred in this case are detailed in the Bill of Costs, Plaintiff's Itemization and Documentation in Support of Bill of Costs and other supporting

---

2) "[T]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).
3) **Exhibit B** is the affidavit of Rosa Nichols, the firm's legal assistant, and the attached ledger reflecting her work on this case.

documents attached as **Exhibit C**. Plaintiff claims fees in the amount of $122,636.73 as set out in the attached ledger and costs and expenses in the amount of $6,962.79.

## ATTORNEYS' FEES

5.     The attorneys' fees sought is this case are based on 423.8 hours of work done by the following attorneys and legal assistant:

| Attorney | Initials On Billing Records | Hourly Rates | Total Hours Worked On The Case | Total Fees |
|---|---|---|---|---|
| J.H. Zidell, Esq. | JZ | $390.00/hr. | 44.3 | **$17,277.00** |
| Robert Manteuffel, Esq. | RM | $390.00/hr. | 155.6 | **$60,684.00** |
| Niki Zhou, Esq. | CC or RJ[4] | $200.00/hr. | 3.6 | **$720.00** |
| Christopher Cochran, Esq. | CC[4] | $200.00/hr. | 1 | **$200.00** |
| Joshua Petersen, Esq. | JAP | $242.21/hr.[5] | 157.8 | **$38,220.73** |
| Rosa Nichols - Legal Assistant | RO | $90.00/hr. | 61.5 | **$5,535.00** |

6.     The Court's own expertise is utilized to establish a reasonable fee and cost award in this case. Norman v. Housing Auth. Of City of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The determination of reasonable attorneys' fees is left to the sound discretion of the trial court. *See* Weeks v. Southern Bell Telephone and Telegraph Co., 467 F.2d 95, 97 (5th Cir. 1972), and cases cited therein. No expert opinion evidence is required on the issue. *See* Matter of First Colonial Corp. of America, 544 F.2d 1291, 1300 (5th Cir. 1977). Courts use the "lodestar

---

4) Where annotated with [nz], "CC" or "RJ" entries reflect work done by Niki Zhou, who was an attorney licensed in Texas, and new to the firm when her work was done.  The first "CC" entry in the ledger refers to work done by Christopher Cochran, who was also an attorney involved in client intake at the firm at the time his work was done.
5) Mr. Petersen's hourly rate increased during the course of this litigation from $230.00/hr to $260.00/hr, $242.21/hr is a blended rate based on the number of hours worked at Mr. Petersen's varying hourly rates.

method" to assess attorneys' fees in FLSA suits. Saizan v. Delta Concrete Prods., Co., 448 F.3d 795, 799 (5th Cir.2006).[6] The district court must first determine the reasonable number of hours expended on the litigation and the reasonable hourly rate for the participating attorneys. Id. The lodestar is then computed by multiplying the number of hours reasonably expended by the reasonable hourly rate. Id.

7. The party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of the factors setting out the attorney's qualifications and skill. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The Court may also consider the factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974). See Hilton v. Exec. Self Storage Assoc., 2009 WL 1750121 at *8 (S.D. Texas 2009).[7]

8. After calculating the lodestar, the court must consider whether to adjust the fee upward or downward. Hilton, 2009 WL 1750121 at *8.

9. The most important factor to consider is the degree of success obtained. Id. In this case, Plaintiff was awarded damages by the Jury in the amount of $4,942.00 in unpaid overtime wages,[8] $3,200.00 in damages for physical pain and mental anguish suffered as result of Defendant LSW's negligence, and $3,500.00 in exemplary damages for Defendant LSW's gross negligence; in sum, Plaintiff recovered on each claim that was submitted to the Jury. *See* (**DE 102**, **DE 91**, and **DE 92**). This makes Plaintiff the prevailing party on his FLSA claims and

---

6) In the end, the test is whether or not "the district court has utilized the *Johnson* framework as the basis of its analysis, has not proceeded in a summary fashion, and has arrived at an amount that can be said to be just compensation." Cobb v. Miller, 818 F.2d 1227, 1232 (5th Cir. 1987).

7) "The Johnson factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Id. at *8 n.5

8) The Court also awarded an equal amount in liquidated damages. *See* (**DE 102**).

his claims for negligence and gross negligence. Plaintiff recovered a substantial amount of his unpaid overtime wages and significant sums for his injuries suffered as a result of Defendant LSW's negligence. Further, even if the claimed fees are not proportional to the amount recovered by Plaintiff, the fee award need not be precisely proportionate to the result obtained. *See* Saizan, 448 F.3d at 802-03 & n.42. This argument should have no bearing on the fees awarded to Plaintiff for this case.[9]

10.   Moreover, while a court may consider the amount of damages recovered in awarding attorneys' fees, it should also be mindful that to reduce a fee on this basis may "prevent individuals with relatively small claims from effectively enforcing their rights and protecting the interest of the public." Hodgson v. Miller Brewing Co., 457 F.2d 221, 228-229 (7th Cir. 1972).

11.   This is a case wherein "[t]he [defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." Heder v. City of Two Rivers, 255 F. Supp. 2d 947, 956 (E.D.Wis. 2003) (quoting City of Riverside v. Rivera, 477 U.S. 561, 580-581 n.11 (1986)).   In the present cause, Defendants vigorously pursued a complete defense against Plaintiff's FLSA claims based on the Motor Carrier Act exemption to the overtime requirements of the FLSA. *See e.g.* (**DE 25** at pp. 15-21). Defendants also sought a complete defense against Plaintiff's various negligence claims. Id. at pp. 12-15. Additionally, Plaintiff was deposed by Defendants over the course of nearly thirteen hours spread over three days during the pendency of the litigation. Furthermore, Plaintiff does not speak the English language, which required that more time be spent in any activity or task requiring

---

9) *See* Davis v. Locke, 936 F.2d 1208, 1215 (11th Cir. 1991) (quoting Rivera, 477 U.S. at 574) ("'Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'"). "Given the nature of claims under The FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case." Powell v. Carey Int'l., Inc., 547 F.Supp.2d 1281, 1286 (S.D.Fla. 2008).

communication, e.g. trial, depositions, mediation, and client conferences. In addition, Defendants did not offer anything to settle the case prior to trial.

12.    The attorneys that performed work on this case are listed by initials on the fee ledger attached hereto at **Exhibit A**. "JZ" refers to J.H. Zidell, Esq. and "RM" refers to the undersigned Robert L. Manteuffel. The hourly rates claimed for these attorneys are $390.00/hr. for J.H. Zidell, Esq. and $390.00/hr. for Robert L. Manteuffel. "CC" or "RJ" further annotated with [nz] refers to Niki Zhou, the hourly rate claimed for her is $200.00/hr. "JAP" refers to Joshua A. Petersen, the hourly rate claimed for him increased from $230.00/hr to $260.00/hr during the pendency of this case and a blended rate of $242.21 is used based on the number of hours of work Mr. Petersen performed at his varying hourly rates.

13.    The rates charged have been found to be reasonable in this district. In <u>Alonso v. Tepa Mar Y Tierra, Inc et al</u>, Case No. 3:11-CV-1783-O, Judge O'Connor awarded both J.H. Zidell, Esq. and Robert L. Manteuffel their attorney's fees at $350.00/hr. *See* **Exhibit D**. In <u>Arriaga v. Califco, LLC, et al.</u>, Case No. 3:12-CV-0094-D, then Chief Judge Fitzwater awarded both Robert L. Manteuffel and J.H. Zidell, Esq. their attorney's fees at $350/hr. *See* **Exhibit E**.[10] Similarly, in <u>Martinez et al v. Maristan d/b/a Lumar Co.</u>, Case No. 3:13-cv-00455-K, Judge Kinkeade awarded both Robert L. Manteuffel and J.H. Zidell, Esq. rates of $350.00/hr. *See* **Exhibit G.** Further, in <u>Mendoza v. Valrom Enterprises, Inc. et al</u>, Case No. 3:10-CV-2629-P,

---

10) Judge Fitzwater also determined that the rate of $90 per hour is reasonable for work done by a legal assistant in this District, which provides support for the rate of $90.00 charged for the work of Ms. Owens in this case. In <u>Hernandez v. Aleman Construction Inc. et al</u>, Case No. 3:10-cv-2229-BD, Magistrate Horan awarded Robert L. Manteuffel and J.H. Zidell, Esq. their attorney's fees at $350/hr . *See* **Exhibit F**. Magistrate Horan also determined that $100/hr. is a reasonable rate for paralegals which supports the rates charged by Ms. Owens. <u>Id.</u>at p.10. Magistrate Horan further determined that the $250/hr. rate for the work done by Daniel Feld was reasonable as it was below the median rate of $275/hr. Id.; *see also* <u>Young v. Sea Horse Venture IV, LLC</u>, No. 3:07-cv-1818-M, 2009 WL 614823 (N.D. Tex. Mar. 10, 2009). This also provides support for the $230/hr. rate for the work done by Joshua Petersen and the $200/hr. rate for the work done by Niki Zhou and Steven Levesque as those amounts are well below the median rate.

Judge Solis awarded Robert L. Manteuffel $350.00/hr. and J.H. Zidell $325/hr.[11] in final default judgment. *See* **Exhibit H**. In Madriz et al v. Wright Tree Service Inc. et al, Case No. 3:11-CV-0251-N, Judge Godbey awarded plaintiffs' attorneys' fees at $325/hr. for J.H. Zidell, Esq.[12] and $350.00/hr. for Robert L. Manteuffel. *See* **Exhibit I**. In Erwin Carias v. KAM Restaurants Inc., Case No. 3:10-CV-01899-P, Judge Solis awarded J.H. Zidell $325/hr. by granting the plaintiff's full fees and costs requested in default judgment. *See* **Exhibit J**. Therefore, the total fee that J.H. Zidell P.C. requests, $121,092.87, is an amount buttressed by analysis of the Johnson factors, as follows:

**(1)** Time and Labor Required: Litigating this case required significant time and labor. Plaintiff was required to expend a significant amount of effort attempting to coordinate with Defendants to schedule depositions and prepare joint pleadings, increasing the time spent by Plaintiff's counsel on this matter. Plaintiff was also required to address numerous issues outside the usual scope of an FLSA cause of action due to his related negligence claims. Furthermore, Plaintiff was required to devote a significant amount of resources to investigating and addressing the Defendants' MCA loader exemption defense, which is highly fact specific. As set out above, the case involved extensive use of translation during all phases of the litigation, which also increased the time required. Finally, the FLSA portion of the case was essentially an "all-or-nothing" case that hinged on the Defendants' MCA loader exemption defense.

---

11) For the cases cited herein from the Northern District of Texas wherein J.H. Zidell Esq. was awarded $325 per hour, this was the hourly rate that was requested in those cases. The $350/hr. rate requested herein is based on J.H. Zidell's qualifications to receive that rate for FLSA cases. J.H. Zidell, Esq. has been licensed by the Florida Bar since 1994; 11th Circuit Court of Appeals since 1999; Texas Bar since 2010; and the 5th Circuit Court of Appeals since 2012. J.H. Zidell, through J.H. Zidell PA in Miami Beach, Florida and J.H. Zidell P.C. in Dallas, has litigated well over 1600 FLSA cases to date and has focused almost exclusively on Plaintiff's FLSA litigation for several years. For the past several years, approximately 95% of the Florida Office has been and is dedicated to plaintiffs' FLSA litigation while 100% of the cases handled by the Dallas Office are and have been FLSA and wage related cases for plaintiffs only.
12) Which was the rate claimed in that case for J.H. Zidell.

**(2)** The novelty and difficulty of the questions: While the issue of overtime is not ordinarily a novel or complex issue, this case was complex due to the language barrier and the addition of Plaintiff's related negligence claims and Defendants' MCA loader exemption defense. The key issues in this case were all highly fact-specific and required a significant amount of discovery and analysis.

**(3)** The skill required to perform the legal services properly: The litigation of this case required a high level of skill to prosecute this case properly, primarily due to fact-specific nature of the claims and defenses and the Defendants' vigorous defense, as well as the difficulties associated with trying a case through interpreters.

**(4)** The preclusion of other employment by the attorney due to acceptance of the case: While taking on this case did not prohibit Plaintiff's Counsel from taking on other cases, it did prohibit Plaintiff's Counsel from working on other pending matters, as this case required a great concentration of time and effort to succeed at trial.

**(5)** Customary fee in the community: As set out above, the fees charged by the attorneys in this case are customary for work of this type in the Northern District of Texas.

**(6)** The fee is fixed or contingent: The fee arrangement in the case at hand was contingent, demonstrating the risk associated with the taking of said case by Plaintiff's counsel.

**(7)** Time limitations imposed by the client or circumstances: While there were no time limitations imposed by the clients, the Court imposed time limitations for litigating this case (i.e. deadline to amend pleadings, deadline for discovery etc.). Therefore, Plaintiff's counsel were required to perform said work within the deadlines imposed by the Court.

**(8)** The amount involved and the results obtained: Plaintiff recovered $4,942.00 in unpaid overtime wages with an equal amount of liquidated damages awarded by the Court,

$3,200.00 in damages for physical pain and mental anguish suffered as result of Defendant LSW's negligence, and $3,500.00 in exemplary damages for Defendant LSW's gross negligence. Ordinarily, the amount recovered has no bearing on the fees awarded to a plaintiff in a case of this type.[13] Although a court may consider the amount of damages recovered in awarding attorneys' fees, it should also be mindful that to reduce a fee on this basis may "prevent individuals with relatively small claims from effectively enforcing their rights and protecting the interest of the public." Hodgson v. Miller Brewing Co., 457 F.2d 221, 228-229 (7th Cir. 1972). Nevertheless, the results obtained were positive as Plaintiff recovered a significant amount in light of the fact that he is an hourly worker who customarily earned between $7.25 and $8.00 per hour. Moreover, Defendants declined to engage in meaningful settlement negotiations such that Plaintiff was required to incur significant fees and expenses in preparation for trial. This is a classic case wherein "[t]he [defendant] cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the plaintiff in response." Heder v. City of Two Rivers, 255 F. Supp. 2d 947, 956 (E.D. Wis. 2003) (quoting City of Riverside v. Rivera, 477 U.S. 561, 580-581 n.11 (1986)).

**(9)** The experience, reputation, and ability of the attorneys: J.H. Zidell was the lead attorney on the case. J.H. Zidell has been an attorney in the state of Florida since September 1994; S.D. Fla. since 1995; 11th Circuit Court of Appeals since 1999; in Texas (both State and N.D. Tex.) since 2010 and the 5th Circuit Court of Appeals since 2013. He has tried many FLSA cases. Robert L. Manteuffel has been licensed to practice in the State of Texas since

---

13) See Davis v. Locke, 936 F.2d 1208, 1215 (11th Cir. 1991) (quoting Rivera, 477 U.S. at 574) ("'Unlike most private tort litigants, a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'") "Given the nature of claims under the FLSA, it is not uncommon that attorneys' fee requests will exceed the amount of judgment in the case.'" Tyler v. Westway Auto. Serv. Ctr., Inc., Case No. 02-61667-CIV-DIMITROULEAS/TORRES, 2005 U.S. Dist. LEXIS 45771, *14 (S.D. Fla. Mar. 10, 2005).

November, 1991, the Northern District of Texas since 1992 and the 5th Circuit Court of Appeals since 2013. He has been a litigator for over twenty years with both first and second chair trial experience. He did the majority of the work on this case leading up to trial, to include motion practice, hearings, mediation, and taking depositions. He successfully tried this case. Joshua A. Petersen has been licensed to practice in the State of Texas since May 3, 2013 and has been admitted in the Northern District of Texas since May 14, 2014 and in the Eastern District of Texas since December 3, 2014. Mr. Petersen has prior second chair trial experience in multiple cases in federal court. He assisted with trial preparation, the trial of this case, attending and defending Plaintiff's deposition, and was primarily responsible for drafting the post-trial motions in the case as well as responding to Defendants' motion for summary judgment. Niki Zhou has been licensed in the State of Texas since May 3, 2013 and has been admitted to the Northern District since October 18, 2013. Ms. Nichols is the firm's legal assistant. She has worked as a legal assistant in FLSA matters since 2010 and is fluent in Spanish. The rates charged by these professionals are fair and reasonable as set out in Paragraph 13 above.

(10) The "undesirability" of the case: This was an undesirable case as this was not a simple question of employee versus employer involving overtime, but involved a complicated negligence issue inextricably intertwined with the facts surrounding the overtime claim and a client and witnesses who required translation. Further, Plaintiff cannot read or write English which made communication with counsel difficult and time intensive.

(11) The nature and length of the professional relationship with the client: This was the only case that Plaintiff and counsel had together.

**(12)** Awards in similar cases: As noted, in Paragraph 13 above, Plaintiff's counsel have been awarded similar rates in other cases.

14. Defendants may argue that the award of attorneys' fees to Plaintiff should be apportioned between his FLSA claims and his negligence claims. However, the Supreme Court in Hensley held that it was appropriate to make a full fee award to a plaintiff even though the plaintiff had failed to recover anything at all under at least some of the claims advanced when the facts and issues are interrelated. *See* Hensley v. Eckerhart, 461 U.S. at 438 ("… the District Court did not err in refusing to apportion the fee award mechanically on the basis of respondents' success or failure on particular issues."). In this case, the discovery conducted, depositions taken, and witnesses called to trial all provided evidence or testimony that was applicable to both the negligence and FLSA claims pursued by Plaintiff, making the various claims and the work performed in furtherance thereof inextricably intertwined and apportionment improper.

## COSTS

15. Costs are claimed herein pursuant to Rule 54(d) and 28 U.S.C. § 1920. The costs incurred are listed below and total $6,962.79. They are detailed in the Bill of Costs, Plaintiff's Itemization and Documentation in Support of Bill of Costs and other supporting documents attached as **Exhibit C**.

| **Filing fees** |
|---|
| - United States District Court, Northern District of Texas, Dallas Division – $400.00 Receipt Number 0539-5616948. Entered: 10/09/2013 |
| **Depositions** |
| **HG Depositions and Litigation Services:** |
| - Deposition of Jerry Coffey-Corp. Rep of Lone Star Wheel Components, $649.32 |
| - Jerry Coffey-Individually, Statement on the Record, $121.25 |
| - Deposition of Jose Salvador, $375.78 |

- Deposition of Juan Salinas, $241.67
- Deposition of Saul Salinas, $244.39
- Deposition of Raul Cantu, $522.83

**Global Deposition Services**

- Retrieval of Records, 5th Avenue Temporaries, LLC, 112 E. 5th Street, Corsicana, Texas 75109, $64.55

**Service of Process**

**Kiva Civil Process:**

- Service of Process Lone Star Wheel Components, $60.00
- Service of Process Jerry L. Coffey, $60.00
- Service of Process Ramon Chavez, $95.00
- Service of Process Ramon Chavez, $95.00
- Service of Process Juan Salinas, $60.00
- Service of Process Saul Salinas, $60.00
- Service of Process, Jose Salvador, $60.00
- Service of Process Ramon Chavez, $60.00
- Service of Process -Out of Area, $180.00
- Service of Process Ramon Chavez, $180.00
- Service of Process Juan Salinas and Saul Salinas, $180.00

**Interpreter Services**

**Sandoval & Associates:**

- Spanish Interpreting Services provided for the Oral Depositions of Raul Cantu, Jose Salvador and Saul Salinas, Corsicana, Texas, March 25, 2015, $924.75
- Spanish Interpreting Services provided for Trial, June 16, 17 and 18, 2015, $1,603.00.

**JH Zidell, P.C.**

- 06/02/2015-8022 9361 6985, to Craig Buskirk, Trial Subpoenas to Process Server, $50.00, Federal Express, 06/02/2015
- 802293616974, to Dana Salome, Trial Subpoenas to Process Server, $50.00, Federal Express, 03/18/2015

| |
|---|
| - Subpoenas for Depositions to Craig or Sunny Buskirk, Waxahachie, Texas, $50.00, Federal Express, 03/18/2015 |
| - Subpoenas for Depositions to Dana Salome, Waco, Texas, $50.00 |
| - Staples: CD's make copies of documents to send to OC, $22.07 |
| - Certified Mail to R. Rogge Dunn, Bryan Collins, Oct. 26, 2013, $6.65 |
| - RLM:  Parking and Mileage attending Depositions, $21.76 |
| - RLM: Mileage attending Depositions in Corsicana, Texas, $74.81 |
| - RLM: Parking and Mileage attending Pretrial Hearing June 15, 2015 |
| - $24.43, RLM: attending Trial June 16, 2015, $22.43 |
| - RLM: attending Trial June 17, 2015, $22.43 |
| - RLM: attending Trial June 18, 2015, $22.43 |
| - Witness Fee:  Juan Salinas- Deposition, $40.00 |
| - Witness Fee: Saul Salinas-Deposition, $40.00 |
| - Witness Fee: Ramon Chavez-Deposition, $40.00 |
| - Witness Fee: Saul Salinas-Trial, $40.00 |
| - Witness Fee:  Juan Salinas-Trial, $40.00 |
| - Witness Fee: Jose Salvador-Trial, $40.00 |
| - Witness Fee: Ramon Chavez-Trial, $40.00 |

16. The Costs and expenses claimed include the filing fee and fees for service of process on the Defendants, service and attempted service of subpoenas on witnesses, and delivery fees for the delivery of documents, pleadings and exhibits to the Court and opposing counsel before trial.  Plaintiff also claims recovery for costs incurred in taking the Defendants' depositions and the use of an interpreter at trial.  The postage and certified mail charges were incurred in conjunction with serving opposing counsel with pleadings and discovery, and the parking and mileage were incurred in conjunction with depositions, the pre-trial conference, and trial. The charges for FedEx delivery were associated with the delivery of copies of subpoenas

that had to be served on individuals outside of the Dallas-Fort Worth metro area. The charge for copies is associated with making copies of documents for use at trial and for the reproduction of the exhibit books for trial.

17. Federal Rule of Civil Procedure 54(d) provides, in relevant part, that "[u]nless a federal statute, these rules or a court order provides otherwise, costs-other than attorney's fees- should be allowed to the prevailing party." Hilton v. Exec. Self Storage Assoc. at *16. There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs. Id. citing Cheatham v. Allstate Ins. Co., 465 F.3d 578, 586 (5th Cir. 2006). "Reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are types of litigation expenses that are recoverable under The FLSA as part of an attorneys' fee award." Id. citing Quintanilla v. A & R Demolition Inc., No. H-04-1965, 2007 WL 5166849, at *9 (S.D. Tex. May 7, 2007). Costs such as court-reporter fees, copying fees, and docket fees, are similarly compensable under 28 U.S.C. § 1920.12 Id. Consequently the costs Plaintiff claims are all compensable under Rule 54(d) and they should be awarded recovery of those costs. See Id.

18. The undersigned have reviewed all of the attorney fee data and cost receipts claimed herein in good faith and this motion is well grounded in fact.

## PRAYER

WHEREFORE, the Plaintiff respectfully requests that the Court award the fees and costs claimed herein under 29 U.S.C. § 216(b), 28 U.S.C. § 1920 and Rule 54(d) for the reasons stated above.

Respectfully submitted,

By: _____
Robert L. Manteuffel
Texas Bar No. 12957529
E-mail: rlmanteuffel@sbcglobal.net

And

By: _____
J.H. Zidell
Texas Bar No. 24071840
Email: zabogado@aol.com

Attorneys For Plaintiffs

And

By: /s/ Joshua A. Petersen
Joshua A. Petersen
State Bar No. 24085524
Email: josh.a.petersen@gmail.com

J.H. Zidell, P.C.
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:   972-233-2264
Fax:   972-386-7610

## VERIFICATION

On 4/4/16 appeared Robert L. Manteuffel who is personally known to me and affirmed that the contents and attachments to this fee and cost motion are correct.

_____
NOTARY PUBLIC/STAMP



On 4/4/16 appeared J.H. Zidell who is personally known to me and affirmed that the contents and attachments to this fee and cost motion are correct.

_____
NOTARY PUBLIC/STAMP

## CERTIFICATE OF CONFERENCE

I hereby certify that I conferred by e-mail and telephone on April 4, 2016 with Bryan Collins, counsel for the Defendants, and Defendants oppose the relief sought.

/s/ Robert L. Manteuffel
Robert L. Manteuffel

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all counsel and parties of record by electronic service in accordance with the local rules of United States District Court for the Northern District of Texas, Dallas Division this 4th day of April, 2016.

/s/ Joshua A. Petersen
Joshua A. Petersen
COUNSEL FOR THE PLAINTIFF(S)