IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ACENCION ADOLFO CALDERON CAMPOS, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:13-CV-04088-N |
| LONE STAR WHEEL COMPONENTS, INC. and JERRY L. COFFEY, | § § § § | |
| Defendants. | § § | |

# ORDER

This Order addresses Plaintiff Acencion Adolfo Calderon Campos a/k/a Adolfo Calderon a/k/a/ Campos Acencion's ("Plaintiff") motion for attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) [104] and Defendants Lone Star Wheel Components, Inc. and Jerry L. Coffey's ("Defendants") Rule 50(b) post-trial motion for judgment as a matter of law, or in the alternative for new trial and motion to alter or amend the judgment, or in the alternative relief from judgment [106]. The Court grants the motion for attorneys' fees and costs and denies the motion for judgment as a matter of law.

## I. ORIGINS OF THE MOTION

Plaintiff brought an action against Defendants for overtime wages under the Fair Labor Standards Act ("FLSA"), as well as for retaliation, negligence, and gross negligence. On May 29, 2015, the Court granted summary judgment for Defendants on Plaintiff's retaliation claim. *See* Order May 29, 2015 3–4 [67]. The case went to trial on June 16, 2015.

On June 18, 2015, after the conclusion of trial, the Jury awarded the following damages to Plaintiff: $4,942 for unpaid overtime wages, $3,200 for physical pain and mental anguish, and $3,500 in exemplary damages for gross negligence. The Court granted Plaintiff's motion for liquidated damages, doubling the jury's award of actual damages for unpaid overtime pay to $9,844. *See* Order March 14, 2016 12 [101]. The parties could not reach an agreement with respect to attorneys' fees after trial. Plaintiff filed the present motion on April 4, 2016.

## II. THE COURT GRANTS PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS

The Court first turns to the issue of attorneys' fees, which are recoverable under the FLSA. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").

### A. Standard for Attorneys' Fees

To determine a "reasonable" fee award, courts first calculate a "lodestar" amount by multiplying a reasonable billing rate by the number of hours reasonably spent litigating the successful claim. *McClain v. Lufkin Indus., Inc.*, 519 F.3d 264, 284 (5th Cir. 2008); *see also Perdue v. Kenny A. ex rel Winn*, 559 U.S. 542, 551–52 (2010). This calculation, however, excludes hours spent on "excessive, redundant, or otherwise unnecessary work" and on nonprevailing claims unrelated to successful claims. *Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983).

The court may then increase or decrease the lodestar amount based on the "*Johnson* factors":

>   (1) the time and labor required to litigate the case,
>   (2) the novelty and difficulty of the questions involved,
>   (3) the skill required to litigate the case,
>   (4) whether taking the case precluded the attorney from other employment,
>   (5) the customary fee for similar work in the community,
>   (6) the fee or percentage of recovery the attorney quoted to the client,
>   (7) whether the client or case required expedited legal work,
>   (8) the amount involved and results obtained,
>   (9) the experience, reputation, and ability of the attorneys,
>   (10) the "undesirabilty" of the case,
>   (11) the nature and length of the attorney-client relationship, and
>   (12) awards made in similar cases.

*Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). However, the lodestar necessarily "subsumes" some *Johnson* factors, s*ee Hensley*, 461 U.S. at 434 n.9, and the Court may not take into account those factors "subsumed" in the lodestar when considering whether to enhance the lodestar under the *Johnson* factors, *Perdue*, 559 U.S. at 553. The fee applicant has the burden to demonstrate the amount of attorneys' fees and any adjustment or enhancement under the *Johnson* factors. *See, e.g.*, *Blum v. Stenson*, 465 U.S. 886, 901–02 (1984).

However, where a plaintiff has achieved only limited or partial success, once a court considers the "amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 [*Johnson*] factors bearing on reasonableness or multiplying the number of hours reasonably expended by a reasonable hourly rate." *Farrar v. Hobby*, 506 U.S. 103, 115 (1992) (internal citations omitted). "The fee award must be the result of a measured exercise of discretion on the court's part." *Dodge v. Hunt Petroleum Corp.*, 174 F.Supp.2d 505, 509 (N.D. Tex. 2001) (internal citations omitted).

### *B. The Court Awards Attorneys' Fees at a Reduced Amount*

"If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983). "[T]he most critical factor is the degree of success obtained." *Id*. Plaintiff requests $122,637.73 in attorneys' fees for this matter, based on 423.8 hours of work done by five attorneys and a legal assistant. *See* Pl.'s Mot. for Atty.'s Fees and Costs 3 [104]. The Court notes that it has no disagreement with the reasonableness of the rates of any of Plaintiff's attorneys. Rather, the determinative issue for the Court is the result obtained. Plaintiff sought $150,000 in connection with the asserted negligence claims but was awarded $6,700. Plaintiff also sought $14,300 in overtime damages but was awarded $4,942. Plaintiff seeks attorneys' fees of over 24 times his overtime damages.

Although the FLSA expressly provides for attorneys' fees, under Texas law, attorneys' fees are generally not recoverable in a negligence or workers' compensation retaliation action. *See Stine v. Marathon Oil Co.*, 976 F.2d 254, 264 (5th Cir. 1992) ("Texas law . . . does not permit an award of attorney's fees for tort claims."). However, a "successful FLSA claim carries with it recovery of attorneys' fees. This recovery extends to time spent on non-FLSA issues to the extent that those issues interrelate and overlap with FLSA ones." *Diaz v. Robert Ruiz*, 808 F.2d 427, 429 (5th Cir. 1987). Thus, fees that are

generally not recoverable may be recoverable to the extent the issues interrelate with FLSA claims.

Plaintiff argues that the FLSA, negligence, and gross negligence claims are interrelated because: 1) evidence, relevant to Plaintiff's negligence claim, that one of Defendants' employees had been involved in previous altercations at work while Plaintiff was also present was also relevant to Plaintiff's FLSA claim to show that Plaintiff worked hours during the late shift; and 2) facts related to Defendant Coffey's status as the "alter-ego" of Defendant Lone Star Wheel Components Inc. were relevant both to the negligence of Defendant Coffey and to Defendant Coffey's status as a joint employer under the FLSA. The negligence and gross negligence claims relate to a fight between co-workers. The workers' compensation retaliation claim relates to Plaintiff's termination by Defendants after requesting to see a doctor for injuries sustained in an altercation with a co-worker. Though there may have been a few instances of overlapping evidence or facts due to the common parties, the Court holds that these claims are not interrelated with the claims for overtime wages under FLSA. As such, Plaintiff may not recover attorneys' fees on the negligence, gross negligence, or workers' compensation retaliation claims.[1]

---

[1]"In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, even where the claims are brought against the same defendants . . . counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved . . . [N]o fee may be awarded for services on the unsuccessful claim." *Hensley*, 461 U.S. at 433.

ORDER – PAGE 5

Because Plaintiff may not recover attorneys' fees on its claims unrelated to FLSA and because Plaintiff achieved only limited success on all of the claims, the Court deviates from the standard lodestar calculation and instead makes an award of attorneys' fees in its discretion. Upon consideration of the briefing and applicable law, the Court awards attorney's fees in the amount of five times Plaintiff's overtime damages, at a total of $24,710.

### C. The Court Awards Costs at a Reduced Amount

Plaintiff requests $6,962.79 pursuant to Rule 54(d) and 28 U.S.C. § 1920 for costs associated with litigating this matter. Defendants object to certain of those costs not enumerated in section 1920.

Absent statutory authority, courts may only award costs provided for in 28 U.S.C. § 1920. *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529 (5th Cir. 2001). Under section 1920, the Court may tax the following:

> fees of the clerk and marshal; fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and copies of papers necessarily obtained for use in the case; docket fees; compensation of court-appointed experts, interpreters, and special interpretation services.

*Id.* (citing 28 U.S.C. § 1920).

Federal Rule of Civil Procedure 54(d) provides that:

> Except when express provision therefore is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs.

FED. R. CIV. P. 54(d).

ORDER – PAGE 6

Defendants object to Plaintiff's request for costs associated with mileage, parking, postage, and private process servers, as such costs are not enumerated under section 1920. Plaintiff argues that the Fifth Circuit in *Gagnon* recognized that additional costs beyond those enumerated in section 1920 may be awarded pursuant to the fee and cost shifting provision of the FLSA. *See Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010). However, the court in *Gagnon* ultimately determined that, without mention of other statutory or contractual authorization for the challenged costs, it had "no basis for determining whether some or all of the challenged costs might fall within the costs-award provision of the FLSA . . . or be authorized by some other rationale." *Id*. Here, Plaintiff has provided no source other than section 1920 and rule 54(d) to support its request for claims that are not enumerated under section 1920. Rule 54(d) does not provide this support: "If Rule 54(d) grants courts discretion to tax whatever costs may seem appropriate, then § 1920, which enumerates the costs that may be taxed, serves no role whatsoever . . . Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). Accordingly, without other statutory or contractual authorization, the Court has no basis to grant the costs associated with mileage, parking, postage, and process serving. The Court therefore reduces the requested costs by $1,484.94 for a total cost award of $5,477.85. The remaining costs are recoverable under section 1920.

### III. THE COURT DENIES DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW

After considering all of the evidence and drawing all reasonable inferences in favor of the nonmoving party, the Court finds that there is sufficient evidence to support the jury verdict. Accordingly, the Court denies Defendants' motion for judgment as a matter of law. Finding no basis for granting Defendants' alternative requested relief, the Court declines to modify the judgment, order a new trial, or provide relief from judgment.

### CONCLUSION

The Court grants Plaintiff's motion for attorneys' fees and costs at the reduced amounts of $24,710.00 and $5,477.85 respectively, and denies Defendants' motion for judgment as a matter of law.

Signed October 27, 2016.

_____
David C. Godbey
United States District Judge